**No. 60280.**—Cosmos Shipping Co., Inc. *v.* United States, protest 176477–K (New York).

MOLLISON, Judge: This protest is directed against the refusal of the collector of customs to allow drawback under the provisions of section 313 of the Tariff Act of 1930 upon merchandise exported from the United States after having been manufactured in this country with the use of imported materials. The essential facts are contained in the stipulation of counsel, upon which the case was submitted for decision, as follows:

1. Prior to April, 1948, certain bleached cotton piece goods were produced from imported grey goods by the Dempsey Bleachery & Dye Works Corp., of Pawtucket, Rhode Island, under their Rate of Drawback, T. D. 52213 (F).

2. Thereafter, and also prior to April 1st, 1948, thirty-one bales of these bleached cotton goods were delivered by the manufacturer above named through their Pawtucket plant to the Boston & Albany Railroad pier, East Boston, Mass., for export to Syria for the account of David I. Hazen, for whom the plaintiff herein acted as shipping agent, pursuant to New York drawback Entry # 6190, Series of 1950, Boston notice of intent # 1818 (New York # 104805) filed under the provisions of Section 313, Tariff Act of 1930, and the regulations pertaining thereto.

3. A validated shipper's export declaration covering thirty-one bales, bleached cotton piece goods (7595 # 49,600 linear yards—value $7092) marked F. A. Beirut # 13/43, was filed.

4. Notice of intention to lade was not timely filed.

5. Outward Foreign Manifest # 948 lists the foregoing shipment as having been laden aboard the Norwegian S/S "HAV" which cleared from Boston, Mass. on April 1st, 1948, for Genoa; Naples; Piraeus, Greece; Istanbul, Turkey; Beirut, Lebanon; Alexandria, Egypt, via New York.

6. At and preceding the time of this exportation, all merchandise exported from the United States was under regulatory control and was shipped pursuant to the issuance of licenses either general or special under the Export Control Regulations, Code of Federal Regulations Title 15, Chapter III, etc.

7. Drawback was refused by the Collector of Customs at the Port of Boston by reason of the untimely filing of the notice of intent.

In addition to the foregoing stipulation, the record includes the involved drawback entry, the notice of intent, and a copy of the bill of lading, which were marked, respectively, plaintiff's exhibits 1, 2, and 3 in this case.

Plaintiff admits that the requirements of section 22.7 of the customs regulations, as in force and effect at the time here in question, and relating to the timely filing of notices of intent to export, were not complied with. Plaintiff contends, however, that, inasmuch as by reason of the operation of the export control statutes and the presentation and validation of an export declaration, the collector of customs had the same opportunity to examine the merchandise herein as he would have had had a timely notice of intent to export the same under the drawback

statutes been filed, the drawback statute and regulations were substantially complied with and that drawback should be allowed.

This argument, in essence, is that the collector had either actual notice or the opportunity to have actual notice of the intention to export the goods and that these facts should serve, in lieu of the notice prescribed by the drawback regulations, to justify the allowance of drawback.

The same argument, under somewhat analogous facts, was made in the case of *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. (Customs) 192, C. A. D. 191, and was rejected by our appellate court as inapplicable to cases of this kind. The opinion in that case, written by the late Judge Bland, outlined the principles governing the matter, and it would serve no useful purpose to repeat that excellent treatise on the subject here.

For the reasons set forth in that opinion, which are deemed to be as fully appropriate and applicable to the issues in the present case as they were in the *Ricard-Brewster Oil Co.* case, *supra*, the protest claim herein is overruled, and judgment will issue accordingly.